United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re: | Case No. 18 B 30466 |
| Webster Place Athletic Club, LLC., | Chapter 11 |
| Debtor. | Hon. Jack B. Schmetterer |

**MEMORANDUM OPINION ON RAMCO-WEBSTER PLACE PLACE, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY [DKT. NO. 46]**

Creditor Ramco-Webster Place, LLC ("Ramco"), the landlord of Debtor Webster Place Athletic Club, LLC ("Debtor") now moves this Court to lift the automatic stay to pursue litigation in state court, namely a breach of contract lawsuit, No. 18-L-006130 (the "Contract Action") and an eviction proceeding, No. 18-M1-708898 (the "Eviction Action") filed in the Circuit Court of Cook County against Debtor. Debtor also has a pending rescission action against Ramco that was originally removed to this forum upon the filing of the bankruptcy case, but was subsequently remanded to the Circuit Court of Cook County. [Adv. No. 18-00916, Dkt. Nos. 37 & 39.]

For the reasons articulated below, Ramco's Motion will be denied by separate order to be entered concurrently herewith.

## BACKGROUND

### A. Case History and the Court's Decision on the Motion to Remand

Debtor, is an Illinois corporation that owns and operates a high-end athletic club at 1455 West Webster Ave., Stores 4 and 5, in Chicago, Illinois (the "Leased Premises"). [Dkt. Nos. 46 & 58.] The Leased Premises are located within a 32,000 square foot mall, known as the Webster Place Shopping Center (the "Shopping Center") owned by Ramco. [Dkt. Nos. 46 & 58.] Plaintiff executed the lease with Ramco's predecessor-in-interest, the prior owner of the shopping center, which Defendant purchased in February 2017. [Dkt. Nos. 46 & 58.] Since signing the lease, Debtor claims that it has invested a substantial amount of money in improving the Leased Premises and under the lease is to pay approximately $98,000 per month in rent. [Dkt. Nos. 46 & 58.]

The primary dispute between the parties stems from Debtor's allegations that Ramco has failed to live up to its obligations under the lease. Namely, Debtor asserts that Ramco has failed to provide free parking for its nearly 1,800 members and that it has failed to maintain the Shopping Center as a "first class" center. [Dkt. Nos. 46 & 58.] Debtor asserts that Ramco has not

1

been maintaining the Shopping Center or investing additional money because it plans to demolish the Shopping Center and build residential units. This led Debtor to file its rescission action against Ramco in state court, where Debtor sought the entry of a judgment against Ramco: (1) rescinding the lease and (2) requesting that the state court return the parties to the *status quo ante*, by refunding Debtor's investment in the facility of approximately $3,000,000.00, minus credit for depreciation. In response, Ramco began drawing down a $600,000.00 letter of credit provided by Debtor as a security deposit on the basis that Debtor was not meeting its obligations under the lease by refusing to pay rent. Defendant then filed the Eviction and Contract actions which were consolidated with the rescission action by the state court.

On October 30, 2018, one day before the state court was set to rule on Ramco's Motion for Possession of the Leased Premises, Debtor filed its instant petition for Chapter 11 bankruptcy relief. [Dkt. No. 1.] Shortly thereafter, on November 20, 2018, Debtor filed a notice of removal of just its state court rescission action to this Court. [Adv. No. 18-00916, Dkt. No. 1.] On December 20, 2018, Ramco filed its Motion to Remand the rescission action to the state court. [Adv. No. 18-00916, Dkt. No. 12.] The Court ordered the parties to brief the Motion for Remand on January 10, 2019. [Adv. No. 18-00916, Dkt. No. 15.]

On February 28, 2019, this Court issued its Opinion and Order granting Ramco's Motion for Remand. [Adv. No. 18-00916, Dkt. Nos. 37 & 39.] As explained more fully in the Opinion, Debtor had not satisfied its burden to show that the parties were diverse for the purposes of diversity jurisdiction. Therefore, because Debtor had not shown that the parties were diverse, and because no other basis for jurisdiction existed as the claims did not "arise under" and were not "related to" the underlying Chapter 11 bankruptcy, the Court was required to mandatorily abstain from hearing the removed adversary proceeding pursuant to 28 U.S.C. § 1334(c)(2). Alternatively, the Court explained that equitable abstention would also be appropriate pursuant to 28 U.S.C. § 1452(b).

**B. Ramco's Motion for Relief from the Automatic Stay and Other Developments in the Chapter 11 Bankruptcy Case**

    **I. Ramco's Motion for Relief From the Automatic Stay**

Since that ruling, Ramco has filed its Motion for Relief from the Automatic Stay. [Dkt. No. 46.] Ramco argues that there is cause for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because there is no prejudice to Debtor as the consolidated cases will simply

2

proceed in the forum in which they were filed, the hardship to Ramco outweighs the hardship to Debtor because Ramco is being paid less than the full amount of rent pursuant to a state court order and the state court has already begun working on the consolidated cases, and Ramco has a reasonable likelihood of prevailing on the merits of the consolidated cases because it alleges that Debtor has been in breach of the lease for over 15 months. *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1991).

Debtor filed its Response to Ramco's Motion on April 5, 2019. [Dkt. No. 5.] Debtor first argues that there are no defaults to cure under the terms of the lease: contrary to Ramco's assertion that Debtor has been paying less than the full amount of rent, Debtor points to a state court order that it alleges reduced its rent payments from over $98,000 per month to only $25,000 per month ("State Court Rent Order"). Ramco has repeatedly disputed that the State Court Rent Order altered Debtor's obligations pursuant to the lease. Additionally, Debtor asserts that the bankruptcy court, rather than the state court, is the proper forum in which to litigate the disputes between the parties because Ramco's filing of a claim submits it to the jurisdiction of the bankruptcy court. Debtor has filed a new Complaint giving rise to Adversary Proceeding 19 A 244 (discussed in greater detail below), in which Count IV is an objection to Ramco's Claim No. 3. The claim objection coupled with the bankruptcy court's exclusive jurisdiction regarding the assumption or rejection of the underlying lease pursuant to 11 U.S.C. § 365, argues Debtor, means that the bankruptcy court, rather than the state court, is the proper forum to determine the issues between the parties.

Debtor also argues that no stay relief would be necessary if Debtor wanted to pursue the rescission action in state court, as the automatic stay only prohibits attempts to collect on prepetition claims or otherwise interfere with the property of the estate. As Debtor was the party filing the rescission action, the suit was not against the Debtor and therefore not stayed pursuant to 11 U.S.C. § 362(a)(1). *In re Arthur B. Adler and Assoc., Ltd.*, 588 B.R. 864, 872 (Bankr. N.D. Ill. 2018). Furthermore, Debtor has repeatedly stated in open court its intention to dismiss the rescission action upon the Court granting Debtor permission to assume the lease. However, Debtor argues that the Eviction and Contract actions should remain stayed because allowing Ramco to pursue either outside of the bankruptcy and its related adversary proceeding would be greatly prejudicial. *Wilson v. Allegheny Intern, Inc.*, 134 B.R. 282, 285 (N.D. Ill. 1991); *In re Kmart Corporation*, 2002 WL 3189033, at *3 (N.D. Ill. 2002). As such, Debtor asserts that the

3

balance of hardships weighs heavily in favor of the stay remaining in effect because the parties have submitted themselves to the jurisdiction of the bankruptcy court, the lease assumption and claim objections processes must take place in the bankruptcy court, Debtor is not defaulting under the lease each month by paying on $25,000 in rent pursuant to the State Court Rent Order, and until the litigation is resolved and any setoff amount is determined, Debtor contends that it does not have to replenish the $600,000 letter of credit. Furthermore, Debtor argues that Ramco is unlikely to prevail on either the Contract or Eviction actions, and therefore, no stay relief is warranted.

Ramco filed its Reply on April 12, 2019. [Dkt. No. 62.] Ramco argues that the stay should be lifted to allow the consolidated cases to proceed in state court because Debtor's attempts to introduce new issues in the bankruptcy proceeding, namely the new adversary proceeding and the lease assumption motion, are simply attempts to delay a resolution to the litigation. Ramco characterizes Debtor's adversary proceeding as a disguised Motion for Reconsideration of the Opinion and Order remanding the rescission action to the state court. Ramco argues that simply filing a claim does not mean that the state court is stripped of its concurrent jurisdiction over prepetition, unliquidated claims. *In re Orseno*, 390 B.R. 350, 355 (Bankr. N.D. Ill. 2008). Moreover, while the bankruptcy court may have exclusive jurisdiction over whether Debtor can assume the lease, that does not mean the state court has no authority over lease issues including determining the amount of prepetition rents owed under a lease. Alternatively, Ramco suggests that the Court enter limited stay relief, allowing the parties to file briefs urging the Circuit Court of Cook County to clarify the State Court Rent Order.

### II. Other Developments in the Chapter 11 Bankruptcy Case

To fully understand the Court's ruling on the instant Motion for Relief from the Automatic Stay, however, a full picture of the Chapter 11 case as it stands now is required. As noted above, subsequent to Ramco filing its Motion for Relief from the Automatic Stay, Debtor filed a four count Complaint initiating a new adversary proceeding. Count I asks the Court to require Ramco to specifically perform pursuant to the lease, including repairing water damage, HVAC functionality, parking issues, and generally maintaining the shopping center in the "first class" manner described in the lease upon Debtor's assumption thereof. Count II seeks a declaratory judgment determining what, if any, cure amount is due under the lease pursuant to 11 U.S.C. § 365. Count III is a breach of lease claim against Ramco seeking damages, or an offset

4

against any cure amount determined by the Court, for failure to perform required actions pursuant to the lease. Finally, Count IV is an objection to Ramco's Claim No. 3 alleging that there is no cure amount due as Debtor has not violated the lease, or in the alternative, that any cure amount be offset against potential damages recoverable against Ramco for its breaches of the lease.

In response to Debtor's Complaint, Ramco filed a Motion to Dismiss [Adv. No. 19-00244, Dkt. No. 6] which is currently being briefed by the parties. Part of Ramco's contention is that the adversary proceeding is substantively duplicative of the removed and remanded rescission action, and therefore, the forum to hear these issues is properly the state court as stated in the Opinion and Order on Ramco's Motion for Remand. The Motion to Dismiss is set for status on June 20, 2019. Related to the adversary proceeding is Ramco's Motion to Quash certain subpoenas issued upon third parties by Debtor, which is also being briefed by the parties. [Adv. No. 19-00244, Dkt. No. 12.] The Court overruled the Motion in part, requiring the parties to conduct at Rule 26(f) conference. [Adv. No. 19-00244, Dkt. No. 16.] That Motion is set for status on June 27, 2019.

Additionally, Debtor was conditionally granted the authority to assume its lease with Ramco. [Dkt. No. 66.] That Order allowed and deemed Debtor to have assumed the lease with Ramco *nunc pro tunc* to April 11, 2019, but required the parties to complete additional briefing by May 24, 2019, and setting a status on June 6, 2019. Ramco specifically was ordered to provide a calculation of its cure amount and an objection to Debtor's ability to provide adequate assurance of future performance. The parties have since completed that additional briefing, and at the June 6, 2019 status hearing on the Motion, the Court determined that the issues underlying the dispute regarding the assumption of the lease largely mirrored the issues presented in Debtor's four count Complaint.

**JURISDICTION AND VENUE**

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## DISCUSSION

Under 11 U.S.C. § 362(d)(1), a bankruptcy court may, after proper notice and a hearing grant relief from the automatic stay, "for cause, including the lack of adequate protection of an interest in property of such party in interest." The Bankruptcy Code does not provide additional factors for courts to consider, nor does it define "cause." 11 U.S.C. § 362(d)(1). Rather, the inquiry into whether "cause" exists for relief from the automatic stay occurs on a case-by-case basis. *Fernstrom*, 938 F.2d at 735. While Ramco is correct that bankruptcy courts have, and frequently do, grant relief from the automatic stay, "to permit an action to proceed . . . in another tribunal, or lack of any connection with or interference with the pending bankruptcy case," a bankruptcy court is not required to grant a movant relief from the stay for that reason. *In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing H.R. REP. NO. 95-595, at 343-44 (1977)).

As a Seventh Circuit panel articulated in *Fernstrom*, bankruptcy courts commonly consider three factors in deciding whether stay relief to pursue litigation in another forum is appropriate: (1) whether prejudice to the debtor or debtor's estate will result by continuing the litigation, (2) whether the hardship of the non-debtor party outweighs the hardship of the debtor should the automatic stay remain in place, and (3) whether the moving party has a probability of prevailing on the merits should the stay be lifted. *Fernstrom*, 938 F.2d at 735 (citing *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D. Ill. 1986)). The factors articulated in *Fernstrom* weigh in favor of keeping the automatic stay in place.

First, Debtor's estate would likely be prejudiced in a meaningful way by allowing litigation to proceed in the state court. Debtor's argument that a creditor being allowed to proceed in state court litigation only when the debtor "has virtually nonexistent liability for the outstanding debt," or when the debtor or estate resources would be depleted is not particularly convincing. *Wilson*, 134 B.R. at 285; *see also Kmart*, 2002 WL 3189033, at *3. Virtually all litigation could be said to deplete the resources of the debtor or debtor's estate. That does not mean that issues arising in litigation can never be decided.

The greater prejudice to Debtor in the instant case comes in the form of parallel litigation in the bankruptcy court and state court. Contrary to Ramco's protestations, it appears that essentially all of the issues in both the consolidated state court cases and the pending matters in the bankruptcy court arise out of a common set of facts involving alleged breaches of the lease.

In order to determine the cure amount, if any, relating to Count II of Debtor's Complaint and the order granting conditional authority to assume the lease, there must also be an inquiry as to the alleged breaches of lease by both parties, encompassing Ramco's state court Contract action and Counts I, III and IV of Debtor's Complaint. Granting relief from the stay would result in piecemeal litigation and result in confusing or heavily delayed rulings by both courts. Furthermore, there are several pieces of litigation that the state court simply cannot hear: it cannot make any determinations as to the conditional assumption of the lease and it has no authority to hear a bankruptcy claims dispute (Count IV of Debtor's Complaint). For the purposes of judicial economy, virtually all this litigation can take place in the bankruptcy court. Whatever remains after a ruling on the pending Motion to Dismiss, it is thus far undisputed that this Court will have jurisdiction to hear those matters. Clearly, this Court has the authority to make determinations as to the conditional assumption of the lease and the claims dispute. It does not appear that any count of Debtor's Complaint is outside the purview of this Court either. In fact, it appears that the only issue which will remain after the bankruptcy court has ruled on the matters currently pending would be Ramco's state court eviction action. Therefore, it would be significantly less prejudicial to Debtor to forego granting relief from the automatic stay.

Second, the hardship to Ramco if stay relief is not granted does not greatly outweigh hardship to the Debtor. Ramco and Debtor have a litany of issues between them that must be litigated. Even if the stay were lifted immediately, it would still take the state court time to rule on the issues that it has jurisdiction over. All the while, the bankruptcy case would be stalled, waiting for resolution from the state court. And once a resolution had been reached, the case would shift back to the bankruptcy court to determine what should be done with regards to Debtor's assumption of the lease and adversary proceeding.

Nor does it follow that if the stay were lifted that Ramco would immediately be entitled to money, be it the full measure of rent under the lease, a replenishment of the letter of credit or damages for breach of contract. Debtor has asserted defenses, and whether those defenses are heard in the state court or bankruptcy court, Ramco will have to wait until there is a ruling. Ramco has not articulated any particular reason why it will be under any greater hardship litigating in such a piecemeal manner, rather than litigating essentially all the same issues at the same time in the bankruptcy court.

Third, the question of whether Ramco will succeed on its Contract and Eviction actions in state court are still debatable. Ramco may be correct that Debtor is in breach of the lease, but as discussed above, Debtor has asserted defenses or counterclaims, including Ramco's own alleged breach of lease. The outcome of this litigation is not clearly discernible at this point. While there is certainly a *possibility* that Ramco will succeed on the merits of its Contract and Eviction actions, it cannot be said that there is a *probability* that it will do so, as the Seventh Circuit in *Fernstrom* explained.

Finally, Ramco's suggestion that the stay be lifted for the limited purpose of clarifying the state court rent order is unavailing. There is no need for the state court to clarify its order because the order can already be clearly interpreted by this Court and the parties have sufficiently briefed the relevant Illinois law that applies thereto. Lifting the automatic stay to allow more briefing before the state court on such a simple issue would simply be a waste of time. The issues presented in the instant bankruptcy case and related adversary proceeding are within the jurisdiction of this Court. Rather than delay ruling by splitting the litigation between this forum and the state court, it would be more economical judicially to try all of the issues together.

## CONCLUSION

For the foregoing reason, Ramco's Motion for Relief from the Automatic Stay will be denied by separate order entered concurrently herewith.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of June, 2019