**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 18 B 30466 |
| Webster Place Athletic Club, LLC., | Chapter 11 |
| Debtor. | Hon. Jack B. Schmetterer |

**MEMORANDUM OPINION ON WEBSTER PLACE ATHLETIC CLUB LLC'S "MOTION TO RECONSIDER" ORDER GRANTING MOTION OF RAMCO-WEBSTER PLACE, LLC FOR ENTRY OF AN ORDER COMPELLING PAYMENT OF POST-ASSUMPTION RENT [DKT. NO. 115]**

Debtor, Webster Place Athletic Club, LLC, (the "Debtor") now moves to reconsider, alter, and amend the Order Granting Motion of Ramco-Webster Place, LLC for Entry of an Order Compelling Payment of Post-Assumption Rent (the "Rent Order"). [Dkt. No. 111.]

For the reasons articulated below, Debtor's "Motion to Reconsider" the Order Granting Motion of Ramco-Webster Place, LLC For Entry of An Order Compelling Payment of Post-Assumption Rent (the "Motion") [Dkt. No. 115] will be **DENIED** by separate order to be entered concurrently herewith.

## BACKGROUND

### A. Case History

Debtor is an Illinois corporation that owns and operates a high-end athletic club at 1455 West Webster Ave., Stores 4 and 5, in Chicago, Illinois (the "Leased Premises"). [Dkt. Nos. 46 & 58.] The Leased Premises are located within a 32,000 square foot mall, known as the Webster Place Shopping Center owned by Ramco-Webster Place, LLC ("Ramco"). [Dkt. Nos. 46 & 58.] Debtor executed the lease with Ramco's predecessor-in-interest, the prior owner of the shopping center, which Ramco purchased in February 2017. [Dkt. Nos. 46 & 58.]

There is a dispute between the parties about whether Ramco has failed to live up to its obligations under the lease. Namely, Debtor asserts that Ramco has failed to provide free parking for its nearly 1,800 members and that it has failed to maintain the Shopping Center as a "first class" center. [Dkt. Nos. 46 & 58.] Debtor asserts that Ramco has not been maintaining the Shopping Center or investing additional money because it plans to demolish the Shopping Center and build residential units. This led Debtor to file its rescission action against Ramco in the state Circuit Court of Cook County, where Debtor sought the entry of a judgment against Ramco: (1) rescinding the lease and (2) requesting that the state court return the parties to the *status quo ante*, by refunding Debtor's investment in the facility of approximately $3,000,000.00, minus credit for depreciation.

In response, Ramco began drawing down a $600,000.00 letter of credit provided by Debtor as a security deposit on the basis that Debtor was not meeting its obligations under the lease by refusing to pay rent. Ramco then filed the possession and contract actions which were consolidated with the rescission action by the state court. [Dkt. Nos. 46 & 58.] In that state court litigation, Ramco filed a Motion for Possession of the Leased Premises (the "Motion for Possession"). On October 1, 2018, the parties agreed to, and the state court entered an Order to the effect of, requiring Debtor to pay to Ramco $25,000.00 in rent per month (the "State Court Order"). [Dkt. Nos. 115 & 116.] Specifically, the State Court Order states that "[Debtor] shall pay [Ramco] $100,000 in rent on or before October 5, 2018, for $25,000/month for July-October 2018, and $25,000/month until further order of this Court." [Dkt. No. 115, Ex. D.]

### B. Chapter 11 Bankruptcy Case and Debtor's Motion

Subsequently, on October 30, 2018, one day before the state court was set to rule on Ramco's Motion for Possession, Debtor filed the present bankruptcy. [Dkt. No. 1.] On November 20, 2018, Ramco filed a Motion for Entry of an Order Compelling Payment in Full of Post-Petition Rent or Compelling Debtor's Rejection of Lease (the "First Rent Motion"). [Dkt. No. 16.] On February 7, 2019, an Order was entered denying the First Rent Motion. [Dkt. No. 39.] On March 12, 2019, Ramco filed a Motion for Relief from the Automatic Stay seeking to allow the state litigation to proceed. [Dkt. No. 46.] On March 28, 2019, Debtor filed a Motion for Extension of Deadline to Assume or Reject Unexpired Leases of Non-Residential Real Property, or in the Alternative, to Assume Lease with Ramco-Webster Place, LLC. [Dkt. No. 57.] On April 18, 2019, an Order was entered authorizing the assumption of the lease (the "Assumption Order"). [Dkt. No. 66.] On June 18, 2019, an Order was entered denying the Motion for Relief. [Dkt. No. 94.] On July 29, 2019, Ramco filed a Motion for Entry of an Order Compelling Payment in Full of Post-Assumption Rent (the "Second Rent Motion"). [Dkt. No. 104.] On August 6, 2019, the Rent Order was entered granting the Second Rent Motion. Specifically, the Rent Order in question ordered "Debtor . . . to pay Ramco $98,378.81 in rent on or before the first business day of each month until further order of this Court." [Dkt. No. 111.]

Since that ruling, Debtor has now filed its present Motion under Federal Rules of Civil Procedure Rule 54(b) and Rule 59(e). [Dkt. No. 115.] Debtor argues error of law. Specifically, Debtor argues that, instead of paying the full monthly $98,378.81 rental amount under the lease, it is only obligated to pay $25,000.00 per month (the "Reduced Rent Amount") under the law of

2

the case doctrine. The law of the case doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). "The doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Jarrard v. CDI Telecomm., Inc.*, 408 F.3d 905, 912 (7th Cir. 2005) (quoting *Christianson*, 486 U.S. at 816). Like res judicata, "[law of the case] promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Christianson*, 486 U.S. at 816 (citation omitted); *see also Jarrard*, 408 F.3d at 912 ("the doctrine 'is a rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter.'") (citation omitted).

Debtor asserts that by the time of entry of the Rent Order, the State Court Order was valid and the law of the case. Debtor argues that the undersigned Judge even ruled on several occasions prior to the Rent Order that it was only obligated to pay the Reduced Rent Amount. Specifically, Debtor asserts that the Judge ruled so on three occasions: (1) in the Order denying the First Rent Motion; (2) in the Order denying the Motion for Relief from Stay; and (3) in the Assumption Order. As such, Debtor argues that the Reduced Rent Amount is the law of the case. Debtor contends that Ramco presented no unusual or compelling circumstances in its Second Rent Motion to justify deviation from the law of the case; therefore, Debtor argues that the Rent Order should be reconsidered, altered and amended to be consistent with the law of the case—being that the Debtor is only obligated to pay the Reduced Rent Amount. *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982).

Ramco filed its Objection to Debtor's Motion on August 26, 2019. [Dkt. No. 116.] Ramco first argues that the ruling in the Rent Order was correct, that the State Court Order was not a modification of Debtor's obligations pursuant to the lease. Ramco asserts that Debtor fails to demonstrate a manifest error of law in the Rent Order required to justify a motion to alter the Rent Order. *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011). Ramco points out that courts cannot modify a party's rent obligations under a lease. *Suburban Bank of Hoffman-Schaumburg v. Bousis*, 578 N.E. 2d 935, 940 (Ill. 1991); *In re Hilligoss*, 69 B.R. 781, 782 (Bankr. C.D. Ill. 1986). Additionally, Ramco contends that, prior to the Rent Order, neither the state court judge nor the undersigned Judge ever ruled on the issue of the amount of rent due; as such, there was no law of the case on post-assumption rent. Furthermore, Ramco argues that, with the entry of the Rent

3

Order, there is now law of the case, and it cuts against Debtor's Motion. Therefore, Ramco argues that because Debtor fails to show extraordinary circumstances to justify amending the Rent Order, the law of the case doctrine instead undermines Debtor's position. *Christianson*, 486 U.S. at 817.

Debtor filed its Reply on September 5, 2019. [Dkt. No. 119.] Debtor argues that it has never asserted that the Rent Order modified the lease terms. Instead, Debtor asserts that the state court judge had a valid basis for entering the State Court Order—the fact that both parties agreed to the Reduced Rent Amount. Debtor reiterates its argument, established by the three purported instances where the undersigned Judge rejected Ramco's several attempts to modify or vacate the effect of the State Court Order, that the law of the case is that the State Court Order was valid. Hence, Debtor argues that the law of the case doctrine does not support the Rent Order which should now be reconsidered, altered, and amended.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

## DISCUSSION

### A. Debtor's Motion is Properly a Motion to Reconsider

A motion to alter or amend a judgment lies under Rule 59(e)[1] of the Federal Rules of Civil Procedure. FED. R. CIV. P. 59(e); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) is only applicable when a party seeks the reconsideration of a ruling accompanied by a final judgment. *See* FED. R. CIV. P. 59(e); *see also Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461, 472 (7th Cir. 2017). Judgment has not yet been issued in this case. The Rent Order was decided based on Ramco's request to enforce post-assumption rent until and unless the forthcoming trial will determine that such contractual rent is not due. The undersigned Judge did not hold a hearing or take evidence except on the amount of rent due under the lease. Many issues in the case are to be decided in the upcoming litigation. Until then, the Rent

---

[1] Rule 59(e) is made applicable to this bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023. FED. R. BANKR. P. 9023 ("Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code.").

4

Order was entered because the lease should be construed to its terms. Therefore, because the Rent Order is not a final adjudication, Debtor's Motion cannot be considered under Rule 59(e) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 59(e); FED. R. BANKR. P. 9023.

Instead, Debtor's Motion will be construed as a motion to reconsider under Rule 54(b)[2] of the Federal Rules of Civil Procedure. "Technically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure." *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 F. App'x 382, 384 (7th Cir. 2002). However, unlike Rule 59(e), Rule 54(b) "governs non-final orders and permits revision at any time prior to the entry of judgment . . . ." *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). As articulated by the Seventh Circuit, a Motion to Reconsider may be granted when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)).

### B. The Law of the Case Doctrine Does Not Support Debtor's Position

As a preliminary matter, the State Court Order is not binding in this case. Under the *Rooker-Feldman* doctrine, lower federal courts are prohibited from "exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (internal citations omitted). Here, the State Court Order was not an adjudication finding that Ramco is entitled only to the Reduced Rent Amount. There were no factual or legal findings by the state court judge. Instead,

---

[2] Rule 54(b) is made applicable to this bankruptcy cases by Federal Rule of Bankruptcy Procedure 7054 and 9014. FED. R. BANKR. P. 7054(a) ("Rule 54(a)–(c) F.R.Civ.P. applies in adversary proceedings."); *Id.* at 9014(c) ("Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: . . . 7054–7056.").

the State Court Order was entered pursuant to mutual agreement by the parties at the time, without any presentation of evidence. As stated by Debtor in its Motion:

> [i]n fact, the [State Court Order] was the product of a hearing in the State Court wherein the State Court was advised that the Debtor had an expert that fixed the rent at $25,000 per month given the condition of the Premises. The State Court then asked both the Debtor and Ramco whether the parties would agree to the payment of $25,000 per month in rent retroactive to July of 2018 and on a going-forward basis, until further Order of Court. Both the Debtor and Ramco agreed to such terms and Ramco's counsel (one of the attorneys representing Ramco in this Court) then drafted the [State Court Order], which was, in turn, entered by the State Court.

[Dkt. No. 115, ¶ 20.] As such, the State Court Order is not a final state court judgment. Therefore, the *Rooker-Feldman* doctrine is not applicable and the State Court Order is not binding here in this case.

In its Motion, Debtor argues error of law based on the law of the case doctrine. The law of the case doctrine, as described above, is a rule of practice that denotes the discretion that a court has to adhere to its own legal rulings made at an earlier stage of the same case. *Christianson*, 486 U.S. at 816. Debtor argues that, by the time the Rent Order was entered, the State Court Order was the law of the case. Debtor is incorrect. The State Court Order is not the law of *this* case. The law of the case doctrine applies only to a court's own decisions and decisions by superior appellate tribunals on remand.[3] *Gertz*, 680 F.2d at 532. As an order by the state Circuit Court of Cook County, the State Court Order is neither. Therefore, the State Court Order is not binding here as the law of the case.

Debtor also argues that, prior to the Rent Order in question, the undersigned Judge ruled on three occasions that Debtor is only obligated to pay the Reduced Rent Amount. Debtor is again mistaken. The undersigned did not rule on the issue of rent in any of the three alleged instances; the issue of the proper rent amount was merely deferred to a later date. In the first ruling, when the First Rent Motion was denied, the motion was denied without prejudice due to the varying complex issues in the litigation at that time. [Hr'g Tr. 6:12-17, Feb. 7, 2019]. In the second ruling, when Ramco's Motion for Relief from Stay was denied, there was no ruling on the issue of the amount of rent. In the third ruling, when the Assumption Order was entered, the Assumption Order

---

[3] The doctrine also applies to decisions of a coordinate court in the same case. *Christianson*, 486 U.S. at 816.

6

specifically scheduled further proceedings on any cure amount due under the Lease;[4] the issue of the amount of rent due per month was never decided.

Contrary to Debtor's position, the first time the issue of rent was ruled on in this case was in the Rent Order at issue. The Rent Order specifically directs Debtor to pay to Ramco $98,371.81 monthly in rent until further order. Now, the Rent Order is the law of this case and it undermines Debtor's Motion. In its Motion, Debtor does not assert any extraordinary circumstances to depart from the law of the case warranting reconsideration of the Rent Order. Consequently, Debtor has failed to show a manifest error of law to justify granting its Motion. *Caisse*, 90 F.3d at 1269.

Even if there had been a ruling on the issue of rent, and even if it had applied in this case, the law of the case doctrine is not a complete bar to re-visitation of an issue. As the Supreme Court has stated, the law of the case doctrine:

> merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power . . . a court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.

*Christianson*, 486 U.S. at 817 (internal citations omitted). "The doctrine is a self-imposed prudential limitation rather than a recognition of a limitation of the courts' power." *Gertz*, 680 F.2d at 532. Therefore, a judge has the authority to revisit the issue in question upon a change in the case. *See Tice v. American Airlines, Inc.*, 373 F.3d 851 (7th Cir. 2004) ("As our statement of the doctrine indicated, [law of the case] is not hard and fast, and so a party is free to argue that an intervening change in law or other changed circumstance warrants a departure.").

Here, assuming *arguendo* that the law of the case at the time of the Rent Order had supported the Reduced Rent Amount, changed circumstances in this case warranted a departure. Just prior to entry of the Rent Order, Debtor assumed the lease pursuant to the Assumption Order. Debtor thereafter assumed the full rent accruing under the lease. 11 U.S.C.A. § 365; *see Matter of Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1172 (7th Cir. 1996) ("An assumption order . . . [forces] [t]he contracting party . . . to continue to do business with the debtor. In exchange, the contracting party is entitled to payment of all amounts due him under the contract up until the time

---

[4] The assumption damage issues were consolidated with the trial in the adversary case currently pending in this bankruptcy. [Adv. No. 19-00244, Dkt. No. 100.]

of the order."); *see also In re Entm't, Inc.*, 223 B.R. 141, 150 (Bankr. N.D. Ill. 1998) ("A debtor who assumes a lease does so subject to the existing burdens thereof and may not assume the favorable aspects of the lease while rejecting the unfavorable aspects of the same lease."). As such, the lease assumption was a changed circumstance that would have justified a re-visitation of the rent issue in question. Full payment of rent is due under the terms of the assumed lease, not the Reduced Rent Amount.

The law of the case doctrine is "not an immutable rule, but rather a way to foreclose continued appeals for reconsideration of prior rulings of law." *Gertz*, 680 F.2d at 532. Debtor provides no reasoning based in law to support the assumption of a lease which is not to be considered as assumed under the stated contract terms. Accordingly, there is no basis for reconsideration of the prior decision.

## CONCLUSION

Accordingly, Debtor's Motion will be **DENIED** by separate order entered concurrently herewith.

Dated this 24 day of September, 2019

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge